UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SAMUEL COCHRAN,

        Plaintiff,                             Case No. 1:07-cv-228

v.                                                   Honorable Richard Alan Enslen

PATRICIA CARUSO et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated in the Mid-Michigan Correctional Facility. In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Patricia Caruso and Correctional Medical Services, Inc. (CMS), for alleged violations for his Eighth Amendment rights.

       On June 12, 2007, Defendant Caruso filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) (docket #14). Defendant CMS also filed a motion for summary judgment (docket #23) on the ground of exhaustion. Plaintiff filed a response to the motions (docket #26). For the reasons set forth below, I recommend that Defendants' motions for summary judgment be granted and Plaintiff's case be dismissed without prejudice.

## Applicable Standard

       Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street*

*v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). "A mere scintilla of evidence is insufficient; 'there must be evidence on which the jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see also Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

> [A] nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations . . . . [I]nstead, the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment. [T]he party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . the opposing party may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof.

*Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004), *cert. denied*, 543 U.S. 1120 (2005) (citations omitted).

Where, however, a defendant attempts to establish an affirmative defense on summary judgment, it bears the burden of proving "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). *Thomas v. Speedway SuperAmerica, LLC*, __ F.3d __, 2007 WL 3145335, at *3 n.2 (6th Cir. Oct. 30, 2007).[1]

**Facts**

Plaintiff has been in the custody of the MDOC since 1996, but his allegations concern events that occurred after 2000. During the course of the conduct alleged in the complaint, Plaintiff

---

[1] Defendant CMS titled their motion as a motion for summary judgment and cited FED. R. CIV. P. 56(b) in the motion. In its supporting brief, however, CMS cited the standard for a motion to dismiss brought pursuant to FED. R. CIV. P. 12(b)(6). Because CMS relies upon exhibits outside the pleadings, the motion is properly brought as motion for summary judgment under FED. R. CIV. P. 56(b). *See Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 603 (6th Cir. 2005) ("It is well established that exhibits outside the pleadings may not generally be relied upon in ruling upon a Rule 12(b)(6) motion to dismiss"). While the standard cited in CMS's brief was inconsistent with the standard set forth in the motion, I find that Plaintiff was adequately notified that CMS was bringing a motion for summary judgment pursuant to FED. R. CIV. P. 56(b).

was incarcerated at a number of facilities, including the Mid-Michigan Correctional Facility, the Hiawatha Correctional Facility, the Egeler Correctional Facility, the Boyer Road Correctional Facility and the Pine River Correctional Facility. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff alleges that he suffers from Hepatitis C, high cholesterol, hardening of the arteries, high blood pressure and obesity. Plaintiff claims that Defendants have failed to provide him with medical treatment for his Hepatitis C. He further contends that the highly processed, fatty foods provided by the MDOC have exacerbated his other health problems. Plaintiff also claims that Defendants have failed to provide him with a pair of gym shoes so that he can exercise. In addition, Plaintiff alleges that Defendants have expanded the practice of requiring prisoners to purchase over-the-counter medications at the prison store, which prisoners often are unable to afford with little or no salary. Plaintiff seeks injunctive relief and monetary damages.

## Discussion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). Additionally, a plaintiff must fully exhaust his administrative remedies before filing a complaint. *See Freeman*, 196 F.3d at 645. Further, "the PLRA exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006) (emphasis

added).  Thus, in order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones v. Bock*, 127 S. Ct. 910, 922 (2007); *Woodford*, 126 S. Ct. at 2386.  "Compliance with the prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." *Jones*, 127 S. Ct. at 922.

In *Jones*, the Supreme Court held that "the failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 127 S. Ct. at 921.  Consequently, Defendants have the burden to plead and prove that Plaintiff failed to exhaust his administrative remedies.  *Id.* at 919-22.

    II.    <u>MDOC Grievance Policy</u>

Michigan Department of Corrections Policy Directive 03.02.130 (eff. Dec. 19, 2003)[2] sets forth the applicable grievance procedures for prisoners in MDOC custody.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue.  *Id.* at ¶ R.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ R, X.  The policy provides the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T.  The

---

[2]The MDOC amended the Grievance Policy on March 5 and July 9, 2007.  However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, e.g., the regional health administrator for a medical care grievance. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

With regard to content, the policy requires that the issues be presented briefly. MICH. DEP'T. OF CORR., Policy Directive 03.02.130, ¶ T. The policy further states, "Information provided shall be limited to the facts involving the issue being grieved (i.e. who, what, when where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* In *Jones*, the Supreme Court rejected the requirements imposed by the Sixth Circuit that, in order to properly exhaust, all defendants named in the complaint must have been named in the Step I grievance. 127 S. Ct. at 922-23. However, the *Jones* Court relied upon the version of the

policy that took effect on November 1, 2000. In that version of the policy, there was no requirement that particular officials must be named in a Step I grievance. In this case, the version of the policy that became effective on December 19, 2003 governs the grievances filed by Plaintiff. As set forth above, the 2003 version of the policy requires a prisoner to provide the names of all those involved in the issue in the Step I grievance.

        III.     Analysis

Defendant Caruso claims that Plaintiff has filed various grievances, but none of the grievances are relevant to any claim made by Plaintiff in his complaint. In support of her motion, Caruso provides the affidavits of the litigation or grievances coordinators at the facilities where Plaintiff has been incarcerated stating that Plaintiff did not file any grievances concerning health care during the time-period relevant to the complaint. (*See* Grievance Coordinator Affidavits, Exhibits E-J, docket 15.) Caruso also provided the affidavit of James Armstrong, Manager of the Prisoner Grievance and Appeals Section of the MDOC. (*See* Armstrong Affidavit, Exhibit K, docket 15.) Armstrong avers that Plaintiff did not file any Step III appeals for the period of January 1, 2002 to May 23, 2007. Caruso argues that because Plaintiff failed to the grieve the claims set forth in his complaint, he fails to satisfy the exhaustion requirement.

Defendant CMS also contends that Plaintiff failed to exhaust his administrative remedies through the prison grievance process. CMS provides copies of three Step I grievances filed by Plaintiff at the Pine River Correctional Facility in 2006 and 2007 concerning medical issues. The first grievance, SPR-07-05-00300-27a, was submitted by Plaintiff on April 29, 2007. Plaintiff alleged that health care/CMS had failed to provide him with medical test results, which somehow resulted in him receiving a major misconduct charge for disobeying a direct order. Because the

grievance was filed after Plaintiff filed the instant action on March 8, 2007, it cannot serve to exhaust the claims set forth in the complaint.

Plaintiff filed the second grievance, SPR-06-08-00530-12z, on August 7, 2006. In that grievance, Plaintiff claims that he kited health care for an appointment because of a sore on his penis, but after excessive delay, he sent a kite cancelling the appointment because the sore had healed and he did not wish to be charged $5.00. Plaintiff complains that after his cancellation request, he was called out for an appointment and charged $5.00. According to the Step I respondent, no medical co-payment was charged for that appointment. Defendant CMS contends that Plaintiff did not appeal his grievance to Steps II and III, which is undisputed by Plaintiff. Plaintiff does not raise a claim in his complaint regarding an improper medical co-payment charge. Even if he had, Plaintiff did not properly exhaust his claim by appealing it to Steps II and III of the grievance process as required by MDOC policy. *See Jones*, 127 S. Ct. at 922; *Woodford*, 126 S. Ct. at 2386.

The third grievance, SPR-07-01-000419-03F, was filed by Plaintiff on January 10, 2007. The grievance concerned Plaintiff's request for health care to provide him with a pair of gym shoes. Plaintiff identified that date of incident to be 12/06-1/10/07. The Step I respondent stated that date of incident provided by Plaintiff "gives the appearance that time frames for filing are being ignored." Plaintiff was advised to review the grievance policy to ensure responsible filing in the future. With regard to Plaintiff's complaint, the Step I respondent stated that proper fitting shoes for oversized feet are not a medical issue, but the Health Unit Manager would coordinate with property room personnel and administration to seek accommodation for Plaintiff's gym shoe needs. Defendant CMS claims that Plaintiff did not appeal his grievance to Steps II and III, which is

undisputed by Plaintiff.  Because Plaintiff failed to  appeal his grievance to Steps II and III of the grievance process  as required by MDOC policy, he failed to properly exhaust his claim.  *See Jones*, 127 S. Ct. at 922; *Woodford*, 126 S. Ct. at 2386.

In his response to Defendants' motions, Plaintiff does not claim that he properly exhausted the claims set forth in his complaint.  Rather, Plaintiff states "Due to the severity of my medical condition, and urgent need for swift medical intervention, which I felt while going through the grievance process would quite possibly cause me a death sentence."  (Response, 1, docket #26.)  The statutory exhaustion requirement does not provide an exception for medical claims or exigent circumstances.  *See Arbuckle v. Bouchard*, No. 03-1975, 92 F. App'x 289, 291 (6th Cir. 2004) (The PLRA does not excuse exhaustion for prisoners who are under imminent danger of serious physical injury); *McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004) (claim falling within the imminent danger exception to 28 U.S.C. § 1915(g) must nonetheless meet the mandatory exhaustion requirements of 42 U.S.C. § 1997e(a)); *Jones v. Michigan Dep't of Corr.*, No. 1:05-cv-772, 2005 WL 3556077, at *2 (W.D. Mich. Dec. 29, 2005) (same); *Collins-Bey v. Broadbent*, No. 01-C-0080-C, 2001 WL 34382018, at *3 (W.D. Wis. May 23, 2001) ("The federal rules do not provide an 'emergency health clause' exception to the exhaustion requirement."); *see also Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2000) (courts are not to read futility or other exceptions into the § 1997e(a) exhaustion requirement); *Castano v. Nebraska Dep't of Corrections*, 201 F.3d 1023, 1025 (8th Cir. 2000) ("[W]e are not free to engraft upon [ § 1997e(a) ] an exception that Congress did not place there.")  Consequently, Plaintiff has failed to rebut the evidence presented by Defendants demonstrating that he failed to properly exhaust his administrative remedies.

**Recommended Disposition**

For the foregoing reasons, I recommend that the Court grant summary judgment in favor of Defendants Caruso and CMS (dockets #14 and 23) and that Plaintiff's action be dismissed without prejudice.

Dated:  January 11, 2008             /s/ Ellen S. Carmody
                                     Ellen S. Carmody
                                     United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).